IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AQUION ENERGY, INC.,[1] | ) | Case No. 17-10500 (KJC) |
| | ) | |
| Debtor. | ) | **Docket Ref. No. 58, 89** |

## ORDER APPROVING PROCEDURES FOR THE SALE, TRANSFER, AND ABANDONMENT OF DE MINIMIS ASSETS

Upon the *Motion for the Entry of an Order Approving Procedures for the Sale, Transfer, and Abandonment of De Minimis Assets* (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"); and it appearing that the relief requested is in the best interests of Debtor's estate and creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to sell or transfer the De Minimis Assets in accordance with the following De Minimis Asset Sale Procedures:

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is Aquion Energy, Inc. (1370). The Debtor's headquarters is located at 32 39th Street, Pittsburgh, PA, 15201.

[2] Capitalized terms used but not otherwise herein shall have the meaning set for in the Motion.

1

a.  with regard to sales or transfers of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers, including sales of laptops, miscellaneous computer equipment or individual pieces of office furniture, with a selling price[3] equal to or less than $5,000:

   i.   the Debtor is authorized to consummate such transaction(s) if the Debtor determines in the reasonable exercise of its business judgment that such sales or transfers are in the best interests of its estate, without further order of the Court or notice to any party; and

   ii.  any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer.

b.  with regard to sales or transfers of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price greater than $5,000 and up to or equal to $75,000:

   i.   the Debtor is authorized to consummate such transaction(s) if the Debtor determines in the reasonable exercise of its business judgment in consultation with the official committee of unsecured creditors that such sales or transfers are in the best interests of its estate;

   ii.  any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

   iii. the Debtor shall give written notice of each such sale (the "Sale Notice") by email or facsimile to (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) counsel to any official committee appointed in this case; and (c) counsel to the prepetition lender (collectively, the "Notice Parties") at least three (3) days prior to the closing of such sale or transfer;

---

[3] For purposes of these procedures, selling price shall refer to the Debtor's estimate of the net proceeds of any sale transaction.

2

iv. the content of the Sale Notice shall consist of (a) identification of the De Minimis Assets being sold or transferred, (b) identification of the purchaser of the assets, (c) the purchase price, and (d) the significant terms of the sale or transfer agreement;

v. if no written objections are filed within three (3) days after service of the Sale Notice, then the Debtor is authorized to immediately consummate such sale or transfer; and

vi. if any Notice Party files a written objection to any such sale or transfer with the Court within three (3) days after service of the Sale Notice, then the relevant De Minimis Asset shall only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

c. with regard to the sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate selling price greater than $75,000 and up to or equal to $300,000:

i. the Debtor is authorized to consummate such transaction(s) without further order of the Court if the Debtor determines in the reasonable exercise of its business judgment in consultation with the official committee of unsecured creditors that such sales or transfers are in the best interests of the estate, subject to the procedures set forth herein;

ii. any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

iii. the Debtor shall give the Sale Notice to the Notice Parties by email or facsimile at least seven (7) days prior to the closing of such sale or transfer;

iv. the content of the Sale Notice shall consist of (a) identification of the De Minimis Assets being sold or transferred, (b) identification of the purchaser of the assets, (c) the purchase price, and (d) the significant terms of the sale or transfer agreement;

v. if no written objections are filed within seven (7) days after the service of the Sale Notice, then the Debtor is authorized to immediately consummate such sale or transfer; and

3

> vi. if any party files a written objection to any such sale or transfer with the Court within seven (7) days after service of the Sale Notice, then the relevant De Minimis Asset shall only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

3. To the extent the Debtor seeks to conduct a sale of De Minimis Assets with an aggregate selling price greater than $300,000, the Debtor shall seek separate approval from the Court with respect to such sale or transfer.

4. The Debtor shall use commercially reasonable efforts to market all De Minimis Assets proposed to be sold in an effort to maximize the value received.

5. De Minimis Asset sales shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

6. All buyers shall take the De Minimis Assets sold by the Debtor pursuant to a De Minimis Asset sale "as is" and "where is," without any representations or warranties from the Debtor as to the quality or fitness of such De Minimis Assets for either their intended or any particular purpose.

7. The De Minimis Asset Sale Procedures shall not apply to any sales or transfers of assets that involve an "insider" of the Debtor as such term is defined in section 101(31) of the Bankruptcy Code.

8. The De Minimis Assets sales shall be free and clear of all Liens against the Debtor, its estate, or the De Minimis Assets, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Holders of Liens against De Minimis Assets are adequately protected by having their Liens attach to the proceeds attributable to the De Minimis Assets in which such holder alleges an interest, in the same order of priority, with the same validity, force, and effect that such holder had prior to the

sale, subject to any claims and defenses the Debtor may possess with respect thereto. Failure to object to the entry of this Order, along with the failure to file a timely objection to a Sale Notice, as applicable, shall be deemed "consent" to any sales or transfers pursuant to this Order within the meaning of section 363(f)(2) of the Bankruptcy Code.

9. With respect to all De Minimis Asset sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and a De Minimis Asset sale consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

10. The Debtor is authorized pursuant to section 554(a) of the Bankruptcy Code to abandon De Minimis Assets in accordance with the following De Minimis Asset Abandonment Procedures:

        a.    the Debtor shall give written notice of the abandonment (the "Abandonment Notice") to the Notice Parties;

        b.    the Abandonment Notice shall contain a description in reasonable detail of the De Minimis Assets to be abandoned and the Debtor's reasons for such abandonment;

        c.    if no written objections from any of the Notice Parties are submitted to the Debtor within seven (7) days after the date of

service of such Abandonment Notice, then the Debtor is authorized to immediately proceed with the abandonment; and

d. if a written objection from any Notice Party is submitted to the Debtor within seven (7) days after service of such Abandonment Notice, then the relevant De Minimis Asset shall be abandoned only upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

11. The Debtor is authorized to pay reasonable and necessary fees and expenses incurred in the sale, transfer, or abandonment of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators, if any.

12. Service of the Sale Notice and/or the Abandonment Notice is sufficient notice of the sale, transfer, and/or abandonment of such De Minimis Assets.

13. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. Nothing contained herein shall be construed as an admission of the validity of any claim or Lien against the Debtor, a waiver of the Debtor's rights to dispute any claim or Lien, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtor's rights to contest any claim or Lien with respect to the De Minimis Assets in accordance with applicable non-bankruptcy law are hereby expressly reserved.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 10, 2017
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

DOCS_DE:212750.9 05436/001