IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AQUION ENERGY, INC.,[1] | ) | Case No. 17-10500 (KJC) |
| | ) | |
| Debtor. | ) | Re: Docket No. 21, 129 |

### ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF PROTIVITI, INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL FOR THE DEBTOR PURSUANT TO 11 U.S.C. § 363(B), NUNC PRO TUNC TO THE PETITION DATE

Upon consideration of the Motion[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order, pursuant to 11 U.S.C. §§ 105 and 363: (a) authorizing the Debtor to retain Protiviti to (i) provide Suzanne Roski to serve as CRO and (ii) provide Supporting Professionals as restructuring advisors; (b) providing that the employment of the CRO and Supporting Professionals effective *nunc pro tunc* to the Petition Date; and (c) granting certain related relief; and upon the First Day Declaration; and upon the Roski Declaration, which is annexed to the Motion as **Exhibit C**; and the Court being satisfied that Protiviti represents no interest adverse to the Debtor's estate, that apart from the employment of Protiviti as CRO and Supporting Personnel to the Debtor, that Protiviti is not a "creditor" within the meaning of section 101(11) of the Bankruptcy Code; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and this Court having found that venue of this case and the Motion in this District is proper pursuant to 28 U.S.C §§ 1409 and

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is Aquion Energy, Inc. (1370). The Debtor's headquarters is located at 32 39th Street, Pittsburgh, PA, 15201.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Motion.

1409; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and this Court having determined that the relief requested in the Motion is just and proper; and it appearing that the relief requested by the Motion is in the best interest of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ Protiviti and the Protiviti Professionals to provide services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective *nunc pro tunc* as of the Petition Date.

3. The Debtor is hereby authorized to appoint Suzanne Roski to serve as CRO and certain Protiviti Professionals to assist the CRO, *nunc pro tunc* to the Petition Date and on the terms and conditions set forth in the Motion and the Engagement Letter, subject to the following terms which apply notwithstanding anything in the Motion or the Engagement Letter to the contrary:

   a. Protiviti and its affiliates shall not act in any other capacity (for example, and without limitation, as a claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned case.

   b. In the event the Debtor seeks to have the Protiviti Professionals assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of executive officers, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c. Protiviti shall file with the Court and serve by email or first class mail on the U.S. Trustee and any statutory committees appointed in this case (collectively, the "Notice Parties") a Staffing Report by the 20th of each month for the previous month, which shall include: (i) the names, positions, and functions filled by all Protiviti Professionals assigned to the engagement; (ii) the total hours worked by each Protiviti Professional assigned to the engagement; and (iii) the itemized expenses incurred, including expense detail. The Staffing Report shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

d. Protiviti shall file with the Court and serve on the Notice Parties a Quarterly Report by the 20th of the month following the end of a quarter, which shall: (i) summarize the services provided to the Debtor; (ii) identify the Supporting Personnel provided; (iii) provide detailed reports of compensation earned by each Protiviti Professional, provided that the CRO may record multiple tasks as one billing entry, and (iv) itemize the expenses incurred. The Quarterly Reports shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

e. Objections or responses to the Quarterly Reports and Staffing Reports shall be filed and served within fourteen (14) days of filing of the report.

f. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

3

g.  Protiviti shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

4.  Notwithstanding any provision to the contrary in the Engagement Letter, the Debtor is permitted to indemnify those persons acting as executive officers only on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, in addition to insurance coverage under the Debtor's director and officer insurance policies.

5.  There will be no other indemnification of Protiviti or any of its affiliates.

6.  Further, notwithstanding any provision to the contrary in the Engagement Letter, Protiviti shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Protiviti's engagement in this case.

7.  With respect to controversies or claims arising out of or in any way related to the services to be provided by Protiviti, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising with respect to Protiviti's engagement shall be heard in this Court during the pendency of this case.

8.  No principal, employee or independent contractor of Protiviti and its affiliates shall serve as a director of the Debtor during the pendency of the above-captioned case.

9. For a period of three years after the conclusion of the engagement, neither Protiviti nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor.

10. During the pendency of the above-captioned case, any limitation of liability in the Engagement Letter or its attachments shall be of no force and effect.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

13. To the extent that there may be any inconsistency between. the terms of the Motion, the Engagement Letter, and this order, the terms of this order shall govern.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 2, 2017
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge

DOCS_DE:212562.9 05436/001