## Exhibit 1

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AQUION ENERGY, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-10500 (KJC) |

## STIPULATION BY AND BETWEEN THE DEBTOR AND RIDC

The above-captioned debtor and debtor-in-possession (the "Debtor") and RIDC Regional Growth Fund ("RIDC", and together with the Debtor, the "Parties"), hereby enter into this stipulation (the "Stipulation") and agree as follows:

## RECITALS

A. WHEREAS, on March 8, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

B. WHEREAS, the Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409;

C. WHEREAS, RIDC is the landlord of a certain lease agreement with the Debtor located at 1001 Technology Drive, East Huntington Township, Westmoreland County, Pennsylvania 15666 (the "Lease");

D. WHEREAS, on May 24, 2017, the Debtor filed the *Motion for Entry of an Order (I) (A) Authorizing Entry Into the Asset Purchase Agreement with Respect to the Sale of Substantially All of the Debtor's Assets, (B) Approving Bid Procedures for the Sale of*

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is Aquion Energy, Inc. (1370). The Debtor's headquarters is located at 32 39th Street, Pittsburgh, PA 15201.

*Substantially All of the Assets of Debtor, (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notices Related Thereto, (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts, (E) Approving Certain Breakup Fee Provisions; (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests and (B) the Assumption and Assignment of Certain Contracts and Leases; and (III) Granting Related Relief* [Docket No. 168] (the "Sale Motion");

E.  WHEREAS, on May 31, 2017, the Debtor filed the *Motion for Entry of an Order Pursuant to Section 365(D)(4) of the Bankruptcy Code Extending the Time Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 192] (the "365(d) Extension Motion");

F.  WHEREAS, on June 5, 2017, RIDC filed the *Motion Requesting Allowance and Payment of Administrative Rent Claims Pursuant to 11 U.S.C. § 503(b), 11 U.S.C. 365(d)(3)* [Docket No. 201] (the "Administrative Rent Motion");

G.  WHEREAS, on June 6, 2017, the Court entered *the Order (A) Authorizing Entry Into the Asset Purchase Agreement with Respect to the Sale of Substantially All of the Debtor's Assets, (B) Approving Bid Procedures for the Sale of Substantially All of the Assets of Debtor, (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notices Related Thereto, (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts, (E) Approving Certain Breakup Fee Provisions; and (F) Granting Other Related Relief* [Docket No. 210] (the "Bid Procedures Order");

DOCS_DE:213885.6 05436/001

H. WHEREAS, on June 6, 2017, the Debtor filed the *Notice to Counterparties to Executory Contracts and Unexpired Leases that may be Assumed and Assigned* [Docket No. 215] (the "Cure Notice");

I. WHEREAS the Parties have agreed to the settlement outlined herein regarding the 365(d)(4) Extension Motion, the Administrative Rent Motion, the Sale Motion, the Cure Notice and the Bid Procedures Order;

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

## STIPULATION

1. This Stipulation shall become effective immediately upon execution by or on behalf of each of the Parties and entry of an order approving this Stipulation by the Court.

2. The Parties agree that RIDC shall have an allowed administrative claim in the amount of $123,711.26 (the "Stub Rent Administrative Claim") for March Stub Rent (as defined in the Administrative Rent Motion) due under the Lease for the period from the Petition Date through March 31, 2017 (the "Stub Rent Period"), and the Debtor will adjust its claims register accordingly. The Stub Rent Administrative Claim is payable upon either the assumption of the Lease, confirmation of a plan, or as otherwise provided under the Bankruptcy Code. The Debtor reserves all rights with respect to the assumption or rejection of the Lease, and to otherwise object to any other claims of RIDC, other than the Stub Rent Administrative Claim.

3. Subject to (i) the payment of the amounts owed to RIDC as detailed in paragraph 4 below; (ii) reconciliations of the Utility expenses for the months of April and May 2017; and (iii) reconciliations of Additional Rent as provided for under Sections 3.02 and 3.02.2 of the Lease, RIDC represents that it neither holds nor asserts that it holds any other claim against the

3

Debtor or its estate with respect to the Lease for the period from the Petition Date through May 31, 2017, other than the Stub Rent Administrative Claim. Upon entry of an order approving this Stipulation by the Court, RIDC will not assert and shall not be allowed any other claim against the Debtor or its estate with respect to the Lease for the period from the Petition Date through May 31, 2017, except as otherwise provided in this Stipulation.

4. The Debtor shall pay to RIDC Additional Base Rent (as defined in the Administrative Rent Motion) for the months of April, May, and June, in the amount of $49,173.54 (less any amounts previously paid), within 5 business days of entry of an order approving this stipulation. Going forward, the Debtor agrees to continue to make payments of Base Rent (as defined in the Administrative Rent Motion), Additional Base Rent, and all Utility Expenses (as defined in the Administrative Rent Motion) pending the assumption or rejection of the Lease. The Debtor reserves all rights with respect to recalculation of any amounts due under the Lease regarding the Utility Expenses.

5. The Parties agree that the cure amount for the Lease if assumed is $368,476.83 (the "Cure Amount"). For the avoidance of doubt, the Cure Amount includes the Stub Rent Administrative Claim and assumes separate payment of the $49,173.54 in paragraph 4.

6. RIDC shall not to object to the 365(d)(4) Extension Motion.

7. RIDC shall not object to the Sale Motion on the basis of an incorrect cure amount.

8. RIDC shall withdrawal the Administrative Rent Motion within 5 business days of entry of an order approving this stipulation.

9. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to approval of the Court.

4

10. The Parties are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this stipulation.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the Stipulation or the order approving the Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware.

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

*[Signature page follows.]*

Dated: June 16, 2017

| | |
|---|---|
| MACELREE HARVEY, LTD. | PACHULSKI STANG ZIEHL & JONES LLP |
| /s/ *Sandra G. M. Selzer* | /s/ *Joseph M. Mulvihill* |
| Sandra G. M. Selzer, Esquire (Bar #4283) | Laura Davis Jones (DE Bar No. 2436) |
| 5721 Kennett Pike | David M. Bertenthal (CA Bar No. 167624) |
| Wilmington, DE 19807 | Joseph M. Mulvihill (DE Bar No. 6061) |
| Phone: 302-654-4454 | 919 N. Market Street, 17th Floor |
| Facsimile: 302-654-4954 | P.O. Box 8705 |
| Electronic Mail: sselzer@macelree.com | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| and | Facsimile: (302-652-4400 |
| | Email: ljones@pszjlaw.com |
| BABST, CALLAND, CLEMENTS & ZOMNI P.C. | joneill@pszjlaw.com |
| Mark A. Lindsay, Esquire | jmulvihill@pszjlaw.com |
| mlindsay@babstcalland.com | Counsel to the Debtor and Debtor in Possession |
| Erica K. Dausch, Esquire | |
| edausch@babstcalland.com | |
| Firm No. 812 | |
| Two Gateway Center, 7th Floor | |
| Pittsburgh, PA 15222 | |
| (412) 394-5400 | |
| | |
| Counsel to RIDC Regional Growth Fund | |