**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>AEI WINDDOWN, INC.,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No. 17-10500 (KJC) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY
APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING A PLAN
CONFIRMATION HEARING AND APPROVING DEADLINES RELATED THERETO;
(III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV)
APPROVING THE FORM OF BALLOT; AND (V) GRANTING RELATED RELIEF**

The above captioned debtor and debtor in possession (the "Debtor"), hereby moves (the "Motion") the Court for the entry of an order (a) conditionally approving the *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 398] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), (b) scheduling a final hearing (the "Combined Hearing") on approval of the Disclosure Statement combined with a hearing on confirmation of the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 397] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan," and together with the Disclosure Statement, the Order approving this Motion, and the Plan, the "Plan Documents")[2]; (c) approving the solicitation procedures set forth herein; (d) approving the forms of ballots for the voting classes and the forms of notices to non-voting classes; and (e) granting related relief as

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) (1370). The Debtor's headquarters is located at AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) c/o Suzanne Roski, 1051 East Cary Street, Suite 602, Richmond, VA 23219.

[2] Capitalized Terms not defined herein shall have the meanings ascribed to them in the Plan Documents or Disclosure Statement, as applicable.

set forth in the proposed order.  In support of this Motion, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1.     The Debtor seeks approval of this Motion to permit the Debtor to immediately begin solicitation of votes on the Plan and to combine the hearings on final approval of the Disclosure Statement and confirmation of the Plan.  The Plan is a liquidation plan.  All creditors and parties in interest with appropriate standing will be afforded adequate time to review the Plan and Disclosure Statement prior to the objection deadline.  Based on the circumstances of this case, including the Committee's support and the substantial amount of information previously provided to creditors, the Debtor believes the solicitation and hearing process proposed herein is reasonable and does not unfairly prejudice any creditors.  Moreover, this combined process will save significant administrative fees, increasing the recovery of all creditors.  Accordingly, the Debtor seeks (i) conditional approval of the Disclosure Statement so as to enable the Debtor to immediately begin soliciting votes on the Plan, and (ii) to set a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan for December 19, 2017.

## JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 3016, 301, 3018, 3020, 9006 and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 2002-1 and 3017-1, and 3017-2.

## BACKGROUND

### A.    Chapter 11 Case

5.      On March 8, 2017 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its properties as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 31, 2017, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee").

6.      Prior to the sale of substantially all of its assets, the Debtor manufactured saltwater batteries with a proprietary, environmentally-friendly electrochemical design.  Based in Pittsburgh, the Debtor was founded in 2008 and had its first commercial product launch in 2014.

3

The Debtor's products included battery stacks, modules and monitoring systems.  More than 55 global dealers and distributors sold the Debtor's products directly to end users and other customers that incorporate the batteries into third party systems and equipment such as inverters, controls, solar/wind generators, gensets, racking, and enclosures.

7.     The factual background regarding the Debtor, including its historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the Declaration of Suzanne Roski, Chief Restructuring Officer, in Support of First Day Motions [Docket No. 15] (the "First Day Declaration") and fully incorporated herein by reference.

8.     On May 24, 2017, the Debtor filed the *Motion for Entry of an Order (I) (A) Authorizing Entry Into the Asset Purchase Agreement with Respect to the Sale of Substantially All of the Debtor's Assets, (B) Approving Bid Procedures for the Sale of Substantially All of the Assets of Debtor, (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notices Related Thereto, (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts, (E) Approving Certain Breakup Fee Provisions; (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests and (B) the Assumption and Assignment of Certain Contracts and Leases; and (III) Granting Related Relief* [Docket No. 168].  Following an auction conducted on June 20, 2017, Juline-Titans LLC (the "Successful Bidder") was deemed to have submitted the highest and best offer for substantially all of the Debtor's assets.  The final sale price was $9,164,000, which was approximately three times greater than the stalking horse bid.

4

On June 21, 2017, the Bankruptcy Court entered an order approving the sale [Docket No. 248] (the "Sale Order"). The sale closed on July 14, 2017.

9. On August 16, 2017, the Court entered the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 315] (the "Bar Date Order"). The Bar Date Order set the general bar date, the governmental bar date, and the first administrative bar date as September 29, 2017 at 5:00 p.m. (ET).

B.    **The Plan and Disclosure Statement**

10. On October 19, 2017, the Debtor filed the Plan and Disclosure Statement. The Plan provides for, among other things, (i) the liquidation of the Debtor's assets and (ii) the distribution of cash and rights to certain holders of Allowed Claims in accordance with the priority scheme established by the Bankruptcy Code.

11. If confirmed and consummated, the Plan will facilitate the orderly wind down of the Debtor's remaining businesses, including formation of a liquidating trust to pursue any remaining causes of action, liquidate remaining assets, and distribute all proceeds according to the Plan, among other things before finally closing this case.

12. Claims and Interests are classified as follows:

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote |
| Class 2 – Secured Claims | Unimpaired | Not Entitled to Vote |
| Class 3 – Convenience Claims | Impaired | Entitled to Vote |
| Class 4 – Unsecured Claims | Impaired | Entitled to Vote |
| Class 5 – Equity Interests | Impaired | Not Entitled to Vote |

13. As shown above, the Plan presently provides for five (5) different Classes of Claims and Interests. Under the Plan, Claims in Class 3 and Class 4 (the "Voting Classes") are impaired by, and entitled to receive a Distribution under the Plan. Claims in Classes 1 and 2

(collectively, the "Unimpaired Classes") are Unimpaired by the Plan, and such holders are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and are therefore not entitled to vote on the Plan.  Interests in Class 5 (the "Deemed Rejecting Class" and, together with the Unimpaired Classes, the "Non-Voting Classes") are impaired and will not receive or retain any property under the Plan and are, therefore, deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, and are not entitled to vote on the Plan.

14.    In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates two (2) categories of Claims that are entitled to receive Distributions under the Plan, but are not classified for purposes of voting to accept or reject the Plan. These categories of Claims are: (1) Administrative Claims, and (2) Priority Tax Claims.

## HIGHLIGHTED PROVISIONS UNDER LOCAL RULE 3017-2(C)(II)

15.    Local Rule 3017-2(c)(ii) requires a debtor to "(A) recite whether the proposed form of order and/or plan of liquidation contains any provision of the type indicated below and (B) identify the location of any such provision in the proposed form of order and/or plan of liquidation." In satisfaction of Local Rule 3017-2(c)(ii), the Debtor states as follows:

    a.  Third Party Releases –The Plan seeks consensual releases with respect to claims creditors may hold against non-Debtor parties in Section VIII.E of the Plan;

    b.  Insider Releases – The Plan seeks to release claims the Debtor may against non-Debtor parties, some of whom may be considered insiders under Bankruptcy Code § 101(31) in Section VIII.E of the Plan; and

    c.  Exemption Under 1146 – The Plan seeks an exemption under § 1146 in Article X.J of the Plan.

6

## RELIEF REQUESTED

16.     By this Motion, the Debtor requests (i) interim approval of the Disclosure Statement solely to permit the Debtor to solicit the Plan, with final approval of the Disclosure Statement combined with the hearing on confirmation of the Plan as contemplated by Local Rule 3017-2; (ii) fixing dates and deadlines related to solicitation and confirmation of the Plan, as set forth in the proposed confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures with respect to confirmation of the plan; (iv) approving the form of the ballots and notices in connection therewith; and (v) granting other related relief.

17.     A summary of the key dates the Debtor seeks to establish, subject to the Court's availability, are as follows:

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Hearing on this Motion | November 9, 2017 at 11:00 a.m. (ET) |
| Voting Record Date | November 9, 2017 |
| Deadline to Mail Solicitation Packages | November 14, 2017 |
| Deadline to File 3018 Motions | November 22, 2017 |
| Deadline to File Plan Supplement | December 5, 2017 |
| Deadline for Objections to 3018 Motions | December 8, 2017 |
| Voting Deadline | December 12, 2017 at 4:00 p.m. (ET)[3] |
| Deadline for File Objections to Plan Confirmation and/or Adequacy of Disclosure Statement | December 12, 2017 at 4:00 p.m. (ET) |

---

[3] December 12, 2017, is the 28th day after the deadline to mail solicitation packages.

DOCS_DE:215182.10 05436/001

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Deadline to file (1) Voting Certification and (2) Confirmation Brief | December 14, 2017, at 4:00 p.m. (ET) |
| Deadline to file a reply to any objection | December 14, 2017, at 4:00 p.m. (ET) |
| Combined Hearing on approval of Disclosure Statement and confirmation of the Plan | December 19, 2017, at 11:00 a.m. (ET)[4] |

## BASIS FOR RELIEF REQUESTED

### A.    Combined Hearing

18.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[5]

19.    Local Rule 3017-2(a) sets forth the conditions under which a combined hearing is permissible:

> (a)    Applicability. This Local Rule shall be applicable to all cases arising under chapter 11 of the Code where the following requirements are met:
> (i)    All or substantially all of the assets of the debtor[s] were or will be liquidated pursuant to a sale under 11 U.S.C. § 363; and
> (ii)    The plan of liquidation proposes to comply with section 1129(a)(9) of the Code; and
> (iii)    The plan of liquidation does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and
> (iv)    the debtor's combined assets to be distributed pursuant to the proposed plan of liquidation are estimated, in good faith, to be worth less than $25 million (excluding causes of action).

---

[4] December 19, 2017, is the 35th day after the deadline to mail solicitation packages.
[5] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

DOCS_DE:215182.10 05436/001

20.     The Debtor submits that each requirement of Local Rule 3017-2(a) is satisfied because, (i) substantially all of the Debtor's assets were sold pursuant to a sale under Bankruptcy Code section 363 and any remaining assets will be liquidated under the Plan, (ii) the Plan's proposed treatment of administrative and priority claims complies with Bankruptcy Code section 1129(a)(9), (iii) the Plan does not seek nonconsensual releases/injunctions with respect to claims creditors may hold against non-Debtor parties, and (iv) the Debtor's combined assets to be distributed pursuant to the proposed plan of liquidation are estimated, in good faith, to be worth less than $25 million (excluding causes of action).

21.     Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). Pursuant to this authority, Courts in this District have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases. *See, e.g., Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc.*, Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016); *In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr.

9

D. Del. Mar. 3l, 2015); *In re AFA Investment Inc.*, Case No. 12-1 1 127 (MFW) (Bankr. D. Del. January 16, 2014).

22.    Consistent with the foregoing authority, the Debtor respectfully requests that the Court consolidate its approval of the Disclosure Statement and confirmation of the Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for **December 19, 2017 at 11:00 a.m. (ET)**.  A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's creditors by hastening the implementation of the Plan.  Accordingly, the Combined Hearing will spare the Debtor from additional administrative expenses associated with a two-stage process, promote judicial efficiency and economy, and provide an increase in the funds available for distribution to general unsecured creditors.

**B.    Request for Conditional Approval of the Disclosure Statement**

23.    As noted above, the Debtor intends to seek approval of the Disclosure Statement at the Combined Hearing.  By this Motion, the Debtor submits that the Disclosure Statement contains adequate information.  Accordingly, the Debtor requests that the Court (a) approve the Disclosure Statement on a conditional basis to permit the Debtor to use it in the solicitation process as described herein and (b) approve the Disclosure Statement on a final basis as part of the order confirming the Plan.

24.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

DOCS_DE:215182.10 05436/001

"Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtors' books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtors, any successor to the Debtors, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

25.    The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. Century Glove, 860 F.2d at 100.

26.    "Adequate information" is a flexible standard, based on the facts and circumstances of each case. See 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of a disclosure statement is to be "determined on a case-specific

11

basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

27.    Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

28.    Here, the Disclosure Statement contains ample information to allow well informed judgments on the Plan. Specifically, the Disclosure Statement contains detailed information with respect to, among other things: (a) the Debtor's business and prepetition capital structure; (b) the relevant events and circumstances preceding and causing the Debtor's chapter 11 case; (c) the major events during the administration of the Debtor's chapter 11 case, including the Debtor's sale to the Successful Bidder; (d) the key terms of the Plan; (e) estimates of the anticipated distributions to be received by holders of allowed claims; (f) the feasibility of the Plan; (g) a comparison to hypothetical liquidation under chapter 7 of the Bankruptcy Code; (h) risk factors that may affect the Plan; and (i) the federal tax consequences of the Plan. *See, In*

12

*re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts may consider in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same). Notably, disclosure regarding all conceivable topics is not necessary in every case. *U.S. Brass*, 194 B.R. at 425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

29.    Thus, the Debtor respectfully submits that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code. Accordingly, the Court should authorize the Debtor to use the Disclosure Statement during the solicitation period, subject to objections, and approve the Disclosure Statement at the Combined Hearing.

30.    The procedures described herein (the "Solicitation Procedures") provide for solicitation of the Plan in accordance with Local Rule 3017-2, and ensures that creditors and parties in interest will have sufficient time to review the Plan and Disclosure Statement and file objections thereto in advance of the Combined Hearing. The Debtor will consider all requests to make reasonable changes to the Disclosure Statement and Plan in advance of the hearing on this Motion.

**C.    Scheduling the Confirmation Hearing and Setting Plan Objection Deadline**

31.    Pursuant to Bankruptcy Code sections 1128(a) and 105(d)(2)(B)(vi), the Debtor requests that the Court set a hearing to consider confirmation of the Plan. As demonstrated above, the Debtor has complied with the requirements of Local Rule 3017-2 and requests a single combined hearing (i.e., the Combined Hearing), to seek the Court's approval of the

13

Disclosure Statement and confirmation of the Plan. *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of the Disclosure Statement with the Confirmation Hearing).

32.     The Debtor respectfully requests that the Court (a) set the Combined Hearing for **December 19, 2017 at 11:00 a.m.** (prevailing Eastern Time) and (b) set **December 12, 2017 at 4:00 p.m.** (prevailing Eastern Time) as the time by which any objections to final approval of the Disclosure Statement and confirmation of the Plan must be filed (the "Objection Deadline").

33.     Any objection to confirmation of the Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection, and the specific grounds of the objection. Plan Objections must be filed with the Bankruptcy Court and served upon: (i) counsel for the Debtor: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19801, (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (ii) counsel to the Official Committee of Unsecured Creditors: (a) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Jeffrey Cohen, Esq. (jcohen@lowenstein.com); (b) Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Andrew David Behlmann, Esq. (abehlmann@lowenstein.com); (c) Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Richard M. Beck, Esq. (rbeck@klehr.com) and Sally E. Veghte, Esq. (sveghte@klehr.com); (iii) the Office of the United States Trustee for the District of Delaware: United States Trustee, 844 King Street, Suite 2207, Lockbox #35,

14

Wilmington, Delaware 19801, (Fax: 302-573-6497) (Attn: Hannah Mufson McCollum, Esq.

(hannah.mccollum@usdoj.gov)); and (iv) any party having filed a request for notices under

Bankruptcy Rule 2002.

34.     The Debtor believes that the proposed timing for filing and service of objections

and proposed modifications, if any, will afford the Court, the Debtor and other parties-in-interest

sufficient time to consider objections and proposed modifications, if any, prior to the Combined

Hearing.

**D.     Approval of Form and Manner of Notice of Combined Hearing**

35.     The Debtor requests approval of the notice of the Combined Hearing substantially

in the form of **Exhibit A** annexed hereto (the "Combined Hearing Notice").

36.     The Debtor proposes to set **November 9, 2017** as the record date for purposes of

determining which holders of claims were entitled to vote to accept or reject the Plan for

purposes of serving the Combined Hearing Notice.  Pursuant to Bankruptcy Rules 2002 and

3017(d), the Combined Hearing Notice contains:  (i) the Court's conditional approval of the

Disclosure Statement; (ii) the deadline for voting on the Plan; (iii) the date of the Combined

Hearing; (iv) the deadline and procedures for filing objections to the approval of the Disclosure

Statement and confirmation of the Plan; (iv) the deadline for filing Administrative Claims set

forth in the Plan; and (v) directions on how to obtain copies of those documents upon request by

any parties in interest, including the Voting Agent's website where parties may download the

Plan and Disclosure Statement free of charge.

15

37.     The Combined Hearing Notice will be served upon:  (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Debtor's known creditors on their creditor matrix, including, among others, all of their trade creditors, taxing authorities, any governmental authority with whom the company conducts business, bonding companies, banks, UCC-1 lien holders, other secured creditors, litigants, counterparties to contracts; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the holders of equity interests; and (f) any part requesting special notice pursuant to Bankruptcy Rule 2002.

38.     In addition, Bankruptcy Rule 2002(l) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice." Fed. R. Bankr. P. 2002(l).  The Debtor seeks authority to publish the Combined Hearing Notice in the national edition of USA Today, or a similar nationally circulated publication in advance of the Combined Hearing.  In addition, the Combined Hearing Notice will be available on the Voting Agent's website at www.kccllc.net/aquion.

## SOLICITATION AND VOTING PROCEDURES

39.     As described above, the Debtor intends to distribute the Disclosure Statement and solicit approval of the Plan prior to the Combined Hearing.  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes to accept or reject a plan of reorganization.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter

16

such orders as the court deems appropriate." As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules and the Bankruptcy Code.

## A.    **Solicitation Package**

40.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement. In accordance therewith, the Debtor proposes that Kurtzman Carson Consultants LLC (the "Voting Agent") transmit or cause to be transmitted by first class mail to parties entitled to vote on the Plan (the "Voting Parties") a package containing: (a) the Combined Hearing Notice; (b) the Plan (either by paper copy, in "PDF" format on a CDROM, or available online at www.kccllc.net/aquion, at the Debtor's and Voting Agent's discretion); (c) the Disclosure Statement (either by paper copy, in "PDF" format on a CDROM, or available online at www.kccllc.net/aquion, at the Debtor's and Voting Agent's discretion); (d) a ballot, substantially in the forms annexed hereto as **Exhibit D** (the "Ballots"); (e) a pre-addressed, return envelope; (f) a letter of support of the Plan by the Committee; and (g) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Debtor submits that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

41.    Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, the Debtor submits that it need not transmit a Solicitation Package to holders of claims in the unimpaired classes who are unimpaired and deemed to have accepted the Plan.

17

42.    Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g). Therefore, the Debtor submits that it need not transmit Solicitation Packages to holders of claims and interests in any class that will not receive any distribution or retain property under the Plan and are deemed to have rejected the Plan.

43.    The Debtor proposes to mail or cause to be mailed to holders of claims in the Non-Voting Classes, at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice, substantially in the forms attached hereto as **Exhibits B and C** (together, the "Non-Voting Notices"), setting forth: (a) the non-voting classes; (b) summary of the treatment of claims and interests under the Plan; (c) the date and time of the Combined Hearing; (d) the deadline and procedures for filing objections to the Plan; and (iv) the deadline for filing Administrative Claims set forth in the Plan. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Plan and Disclosure Statement free of charge from the Voting Agent. The Non-Voting Notices contain all of the required information with respect to the Combined Hearing, and, for the avoidance of doubt, the Debtor seeks direction to send only the Non-Voting Notices to Non-Voting Parties.

44.    As indicated above, upon conditional approval of the Disclosure Statement, the Voting Agent will serve on the appropriate parties either (a) a Solicitation Package or (b) a Non-Voting Notice.

**B.**    **Ballots and Voting**

45.    The Debtor proposes that the Court establish **November 9, 2017** as the record date (the "Voting Record Date") for the purposes of determining (a) which creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Plan, subject to the disallowance of such creditors' claims for voting purposes as set forth herein or (b) the holders of claims and interests entitled to receive the Non-Voting Notice.[6]

46.    The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

47.    The Debtor additionally requests that creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **November 22, 2017**. The deadline for any party in interest to object to a 3018 Motion shall be **December 8, 2017**. Any such 3018 Motion may also be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

**C.**    **Approval of Procedures for Vote Tabulation**

48.    The Debtor respectfully requests that the Bankruptcy Court approve the voting and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rule 3018(a).

---

[6] The Debtor requests that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan.

49.    Bankruptcy Code § 1126(c) provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this section, that hold at least two thirds in
> amount and more than one half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> subsection (e) of this section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and

hearing may temporarily allow [a] claim or interest in an amount which the court deems proper

for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

50.    The Debtor requests that the Court approve the vote tabulation methodology as

more fully set forth in the voting instructions on the Ballots utilized by the Debtor.  The Debtor

will not count or consider for any purpose in determining whether the Plan has been accepted or

rejected the following Ballots:  (a) any Ballot that is received after the Voting Deadline; (b) any

Ballot that is illegible or contains insufficient information to permit the identification of the

Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class

that is entitled to vote on the Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept

or reject the Plan, or marked both to accept and reject the Plan; (f) any Ballot that was not

accompanied by an original signature; and (g) any Ballot submitted by a party not entitled to cast

a vote with respect to the Plan.

**WAIVER OF BANKRUPTCY RULE 6004(a)**

51.    To implement the foregoing successfully, the Debtor seeks a waiver of the notice

requirements under Bankruptcy Rule 6004(a).

**NOTICE**

52.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; and (c) any party having filed a request for notices under Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit E**, and grant such other and further relief as this Court deems just and proper.

Dated: October 19, 2017

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joseph M. Mulvihill (Bar No. 6061)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          jmulvihill@pszjlaw.com

Counsel to the Debtor and Debtor in Possession