IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AEI WINDDOWN, INC.[1],<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 17-10500 (KJC)<br><br>Objection Deadline:  August 10, 2018<br><br>Hearing Date:  September 29, 2018 at 10:00 a.m. |

**RESPONSE OF THE COMMONWEALTH FINANCING AUTHORITY AND
PENNSYLVANIA DEPARTMENT OF COMMUNITY AND
ECONOMIC DEVELOPMENT TO THE LIQUIDATING TRUSTEE'S
OBJECTION TO CLAIMS 26 AND 27**

　　　　The Commonwealth Financing Authority ("CFA") and Pennsylvania Department of Community and Economic Development ("DCED") hereby respond to the Liquidating Trustee's Objection to Claims 26 and 27 (the "Objection")[2] and in support thereof state as follows:

**A.　　The Claims**

　　　　1.　　CFA filed Claim No. 26 ("Claim 26") in the amount of $1,912,524.66.  Claim 26 is asserted based on a loan made by CFA to the Debtor in the original principal amount of $3 million.  CFA's claim is secured by equipment having a purchase price of at least $10,481,257 (the "Collateral").  A copy of Claim 26 is attached to the Objection as Exhibit C.

　　　　2.　　DCED filed Claim No. 27 ("Claim 27") in the amount of $3,143,377.04.  Claim 27 is asserted based on a loan made by DCED to the Debtor in the original principal amount of

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) (1370). The Debtor's headquarters is located at AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.), c/o Susan Roski, 1051 East Carey Street, Suite 602, Richmond, VA 23219.

[2] Capitalized terms not defined herein shall have the meaning set forth in the Objection.

120296179_1

$5 million. DCED's claim is also secured by the Collateral.[3] A copy of Claim 27 is attached to the Objection as Exhibit B.

**B.**     **The Cost of the Collateral**

3.  In connection with the loan made by CFA, the Debtor submitted a payment request form indicating that the value of the equipment purchased by the Debtor (the "Collateral") was $10,481,257. See Exhibit "A" hereto.

4.  In connection with the loan made by DCED, the Debtor submitted a payment request form indicating that the value of the equipment purchased by the Debtor was $10,490,715.42. See Exhibit "B" hereto.

5.  The discrepancy between the two disbursement requests in the amount of $9,548.42 is attributable to the last equipment invoice listed, invoice no. 5968B of 2SQ Industrial Supply, Inc., which is listed on the CFA form as $56,105 and is listed on the DCED form as $65,563.

6.  The Liquidating Trustee nevertheless asserts in the Objection that the cost basis of the Collateral totaled $6,481,888.

7.  The asserted cost basis of the Collateral, as described in the Objection, is $3,399,369 lower than the cost of the Collateral as described in the CFA form and $4,008,827.40 lower than the cost of the Collateral as described in the DCED form.

8.  Therefore, any determination of the value of the Collateral which is based on the cost of the Collateral should be calculated based on an original cost of at least $10,481,257.

---

[3] Pursuant to an intercreditor agreement between CFA and DCED, CFA and DCED share a first priority lien on the Collateral.

- 3 -

## C.     <u>Allocation Among Asset Classes</u>

8. The Objection describes the process leading to the sale of the Debtor's assets for a Purchase Price of $9,164,000.

9. The Objection also describes that the Debtor and the Buyer allocated $1,500,836 of the Purchase Price to certain inventory and $7,663,164 to non-inventory assets. Of the $7,663,164 allocated to non-inventory assets, just $1,587,980 -- or 20.7% -- was allocated to equipment. An overwhelming percentage of the Purchase Price was instead allocated to intellectual property assets.

10. The Objection does not provide any substantive information supporting the allocation of the Purchase Price among asset classes. It states merely that the parties to the sale agreed between themselves to allocate the assets as described.

11. Parties to a sale may determine an allocation of asset values for a variety of reasons which are unrelated to the true value of those assets. The parties may be motivated by significantly different tax treatment of the sale itself for different classes of assets. The buyer may be influenced by its anticipated future use of various assets and the expected future tax treatment of such assets. The buyer and seller may engage in negotiations regarding the allocation, and the outcome may merely be the result of horse-trading with respect to various classes of assets, or may be the result of horse-trading with respect to other aspects of the sale.

12. In short, just because the buyer and seller in a transaction agree to an allocation does not mean that the allocation reflects the true value of the various classes of assets.

13. Thus, the Debtor's statement in the Objection that "the true value of the MELF/ACE Collateral was established pursuant to the Debtor's marketing efforts culminating with the ultimate sale of its assets to the Buyer" is erroneous. The Debtor's marketing efforts

may have established the value of an <u>entire package</u> of multiple asset classes, but not the market value of any particular class of assets within the package of assets.

14.  The Objection does not give any indication that the assets sold were appraised by the Debtor or by any other party contemporaneously with the sale.

15.  Accordingly, CFA and DCED, in response to the Objection, assert that the Debtor's valuation of the Collateral is erroneous and respectfully request that the Court determine the value of the Collateral.

WHEREFORE, CFA and DCED respectfully request that the Court overrule the Objection, determine the correct value of the Collateral, and grant such other and further relief as is just.

Respectfully submitted,

**DILWORTH PAXSON LLP**

*/s/ Peter C. Hughes*
Peter C. Hughes (No. 4180)
One Customs House, Suite 500
704 King Street
Wilmington, DE 19801
Telephone: (302) 571-9800
Fax:  (302) 655-1480
Email: phughes@dilworthlaw.com

*And*

Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA  19102
(215) 575-7000 phone
(215) 575-7200 fax

*Counsel for the Commonwealth Financing Authority and Pennsylvania Department of Community and Economic Development*